[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: APPLICATION FOR STAY DATED JULY 13, 2000
This case is an administrative appeal from the June 22, 2000 decision of the defendant Gaming Policy Board upholding the division of special revenue denying a lottery license to Joseph Scalise as a new partner at Parkview Variety at 233 Main Street, Stamford, Connecticut.
The Uniform Administrative Procedures Act authorizes stays pending appeal. See Connecticut General Statutes § 4-183 (f). By the terms of the Statute, stays are not granted automatically. Before allowing a stay, the court must balance the equities. Under Griffin Hospital v. TheCommission on Hospitals and Health Care, 196 Conn. 451, 460, A.2d 229 (1985), both parties agree this case contains the elements of review for this court.
The court finds that the likelihood that the plaintiffs will prevail is not met. The court has reviewed the decision by the agency. After a review of the cases by this court, it is clear that great deference is accorded the agency on matters of qualification for license. The court thus finds the likelihood of success is remote in this case. This court is well aware of the court's function not to retry an administrative case or to substitute its judgment for that of the agency. The question is not whether this court would have reached the same decision, but whether the evidence in the record reasonably supports the conclusion reached by the agency.
The decision maker in this case found the interest of the state would be seriously harmed in the hands of Mr. Scalise because he had a "very long and serious record of being heavily involved in an illegal gambling operation. He was released from jail just last June. His involvement in lottery sales is simply not appropriate at this time" decision of administrative agency page 13. CT Page 10907
Although the first part of this is dispositive of the requests for stay, the court further finds that Parkview Variety still retains its license to sell lottery tickets and may continue in its lawful business. Mr. Scalise may not participate, but he was not licensed as a partner and therefore not permitted to participate prior to the decision under appeal, so there is no change in his status pending appeal.
The defendant has agreed to stay enforcement of the $100 fine for falsifying its application by the licensee.
Accordingly, the request for stay is denied.
KARAZIN, J.